**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **LUDIVINA MELÉNDEZ DE JESÚS, et al.,**<br>    **Plaintiffs,**<br>    **v.**<br>**WYETH PHARMACEUTICALS CO.,**<br>    **Defendant.** | **Civil No. 09-1353 (ADC)** |

### ORDER

Plaintiffs, Ludivina Meléndez de Jesús and Marta Y. Rivera Ortíz ("plaintiffs") allege they were denied benefits from Wyeth Pharmaceuticals Co. ("defendant") through the Wyeth Transition Benefit Plan ("WTBP") because they refused to waive a wage and hour claim pending in the Commonwealth of Puerto Rico ("Commonwealth") court. **Docket No. 1-2**, at ¶13. Plaintiffs filed suit against defendant in the Commonwealth Superior Court, Guayama Part, on February 17, 2009, claiming double the amount of separation benefits, moral damages, and retaliation for a protected activity pursuant to Commonwealth statutes. **Docket No. 1**, at ¶¶ 24, 27. Defendant filed a timely removal before this court, under federal question jurisdiction. **Docket No. 1.** Defendant alleges that removal is proper because the WTBP is an employee benefit plan governed by the Employee Retirement Income Security Act ("ERISA"). **Docket No. 1**, at 2-5.

On May 5, 2009, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) stating that: (1) plaintiffs have not alleged that they exhausted their administrative remedies as required by ERISA; and (2) plaintiffs' claim should be dismissed because Wyeth is not the proper defendant. **Docket No. 8.** On May 18, 2009, plaintiffs filed a motion to remand claiming that: (1) removal was improper because the WTBP plan is not covered by ERISA; and (2) assuming the plan was governed by ERISA, plaintiffs are claiming moral damages and retaliation for engaging in a protected activity under Commonwealth law, not benefits under the plan. **Docket No. 13.** These motions were referred to Magistrate-Judge

Civil No. 09-1353 (ADC) Page 2

Marcos E. López ("Magistrate-Judge") for a Report and Recommendation ("R & R"). **Docket No. 21.**

Pending before the court is the Magistrate-Judge's unopposed R & R, issued on August 24, 2009, which recommended granting plaintiffs' motion to remand the case to the Commonwealth court. **Docket No. 37.** Due to the Magistrate-Judge's recommendation to remand to state court, he also recommended defendant's motion to dismiss be deemed moot. *Id.* After reviewing the R & R, the court adopts the same, in full, and remands the captioned complaint to the Commonwealth court.

I. **Standard of Review for an Unopposed Report and Recommendation**

A district court may refer pending motions to a magistrate-judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Loc. Cv. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)).

"Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *López- Mulero v. Valez-Colón,* 490 F. Supp. 2d 214, 217 -218 (D.P.R. 2007) *(citing Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied,* 474 U.S. 1021 (1985). Moreover, in conducting its review of an unopposed R & R, the court "needs only [to] satisfy itself by ascertaining that there is no ' plain error' on the face of the record." *López-Mulero,* 490 F. Supp. 2d at 218.

II. **Conclusion**

After careful consideration of the unopposed R & R and the record, the court hereby **ADOPTS** the R & R in full. **Docket No. 37**. Accordingly, plaintiffs' motion to remand (**Docket**

Civil No. 09-1353 (ADC) Page 3

**No. 13**) is **GRANTED**.  Thus, defendant's motion to dismiss (**Docket No. 8**) is **MOOT**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 16th day of September, 2009.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**